Voorhees, J.
The action below was a suit in ejectment prosecuted by defendant in error to obtain possession of real estate described in the petition. Plaintiff alleged ownership of the premises, and that he was entitled to the possession of the same at the commencement of the action; that defendant had kept him out of possession since April 1st, 1897.
Action was commenced January 5th, 1899; rents and profits were demanded from April 1st, 1897, and the value thereof from April 1st, 1897 to January 1st, 1899, alleged to be $105.00, and to April 1st, 1899 at $120 00.
Defendant by answer denies the allegations of the petition excepting the possession of the premises. He further averred that he acquired title and possession of the premises by virtue of a forfeited land deed from the auditor of Delaware county; that he paid taxes on the premises to the amount of $115.00, and improved the same to the amount and value of $50.00.
Plaintiff by reply put in issue the allegations of the answer.
The cause was tried to the court without a jury,resulting in a finding in favor of the plaintiff.
*234 N-j bill of exceptions was allowed or filed in this court; but it is conceded that the premises were sold as forfeited lands, at a forfeited land tax sale; a deed for the same was made and delivered to the defendant as purchaser by the auditor of Delaware county, and the defendant took possession of the premises under said deed; that said tax sale and deed were irregular and invalid. The court found that the plaintiff at the commencement of the action was entitled to the possession of the premises, and to an account against the defendant for rents and profits from the time he took possession, and prior to bringing his action, and to have the same set off against the taxes and penalty paid by the defendant at the time of the tax sale and for taxes thereafter assessed, with interest. The rents and profits so allowed were in excess of the taxes so paid, and judgment was rendered in favor of the plaintiff against the defendant for the excess.
There was no finding by the court, nor was it alleged in the petition that plaintiff had paid, tendered, or ever offered to refund to the defendant, either before or after suit was commenced, the amount of taxes and penalties due the state on the land or premises when they were sold, or the taxes paid thereon after the sale. The only refunding or repayment of said taxes to the defendant was in the accounting for rents and profits for a period prior to the commencement of the suit, as found and allowed by the court as hereinbefore stated
Plaintiff in error contends that defendant in error was not entitled to recover possession of the premises, notwithstanding the invalidity of said tax sale and deed, for the reason that the defendant had not refunded or tendered to him, before suit or the rendering of said judgment, the taxes and penalty so paid by him as purchaser; and he further contends that defendant in error is only entitled to have an account for rents and profits, from the time of the payment or tender of payment of the taxes, penalty and interest to the purchaser by the claimant.
The premises in question having been sold at a forfeited land sale, and a deed having been made to plaintiff as purchaser by the auditor, he took possession of the premises under said deed and remained in possession from April *235 1st, 1897, until the judgment of eviction was rendered in the action, April 1st, 1899; and no payment or tender of payment of the amount of taxes and penalty ever having been made or tendered to the defendant by the plaintiff, ■did the court of common pleas, under these circumstances and conditions, err in rendering judgment in favor of the plaintiff for the possession of the premises and in allowing him rents and profits prior to bringing his action? We think it did.
Section 2910, Revised Statutes of Ohio, provides that:'
“The purchaser of any such lands, his heirs, or assigns, shall, from the day of such purchase, be taken in all courts as the assignee of the state of Ohio; and the amount of taxes and penalties charged on the said land at the time it was sold, together with all legal taxes afterward paid thereon by such purchaser, his heirs or assigns, shall operate as a lien on said lands, and may be enforced as any other lien. In all cases where any claimant of any lands heretofore sold, or which may hereafter be sold for the non payment of taxes, under any law of the state, his heirs or assigns shall recover, by action or otherwise, the land so sold, as aforesaid, for taxes, such claimant, his heirs or assigns shall be liable to refund to the purchaser, his heirs or assigns, the amount of taxes and penalties due to the state on the land when sold, together with all other taxes paid thereon by such purchaser, his heirs or assigns, up to the time of recovery, with interest; to be recovered, by action or counter claim or otherwise, as the cáse may require; and the same shall be required to be paid to the person or persons entitled thereto, before such person or persons shall be evicted or turned out of possession by any claimant recovering, by action, the land so sold for taxes.”
By section 2908, Revised Statutes, the auditor’s deed for forfeited lands shall be prima facie evidence of title in the purchaser, his heirs or assigns. It has been held that under this section no preliminary proof is necessary to make such purchaser’s deed at forfeited sale prima facie evidence of title according to its recitals. Turney v. Yeoman, 14 Ohio, 207; Stanberry v. Sillon, 13 Ohio St., 571; Woodward v. Sloan, 27 Ohio St., 592.
Plaintiff in error having such a deed for these premises, *236 took possession April 1st, 1897, and on the 5th of January, 1899, defendant in error commenced his action in ejectment to recover the possession, without payment or tender of payment of the taxes and penalties, so paid by the plaintiff in error, as such purchaser, at the forfeited land sale. Without such payment or tender of payment, the plaintiff below was not entitled to possession of the premises, and he could not evict the plaintiff in error or turn him out of possession by action or otherwise. The plaintiff in error was rightfully in possession as such purchaser under the Auditor’s deed, by virtue of sections 2908 and 2910 Revised Statutes. Although the tax sale and deed were invalid, the taxes and penalty charged on the premises at the time they were sold, together with all legal taxes afterwards paid thereon by him, were not illegal or void, and his possession of the premises was a lawful possession, until such taxes, penalty and interest thereon were repaid to him by the claimant, the defendant in error, It is conceded they were not so paid before the commencement of the suit, and never were paid, excepting in'the way of set-off for rents and profits.
George Coyner, for Plaintiff.
Charles W. Payne, for Defendant.
The court found the taxes, penalty and interest were more than liquidated by the rents and profits, and rendered a judgment for a balance in favor of the defendant in error. In so doing the common pleas erred,
Computation of rent against a purchaser at forfeited land sale, when such sale and the auditor’s deed thereunder are found to be invalid, should begin only from the time of payment or tender to such purchaser of the taxes, interest, etc , for the reason that under section 2910, Revised Statutes of Ohio, plaintiff's right of possession does not accrue until such payment or tender is made.
Applying these principles to this case, the court of common pleas erred in taking an account of rents and in rendering judgment for possession until the taxes, penalty and interest were refunded to defendant in error as such purchaser at the tax sale. For these errors the judgment is reversed as being contrary to law, and the cause remanded for further proceedings.